UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In Re:                                               Case No: 10-80993-wlh
Belinda Ann Wright,
                 Debtor.                             Chapter 13

## DEBTOR'S SECOND AMENDED PRE-CONFIRMATION CHAPTER 13 PLAN

**Provision amended:**
1. Provision #6 - add Wells Fargo Financial Georgia Inc. as 506 claim.
2. Provision #6 - re-allocate all monthly secured payments and modify step increase date.
3. Provision #7 - decrease unsecured pool to $1000.

|  |  | **Commitment Period** |
|---|---|---|
| Extension | [   ] | [ x ] 36 months |
| Composition | [ x ] | [   ]  60 months |

***You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.***
Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

    **1. Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.
    **2. Plan Payments and Length of Plan.**
Debtor will pay the sum of  **$297.00 per bi-weekly**  to Trustee by  **[ x ]** Payroll Deduction or by **[   ]** Direct Payment for the applicable commitment period indicated above , unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment( s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).
    **The following alternative provision will apply if selected:**
**Step Plan:** Monthly Plan payments will *increase* by $0 on  n/a  upon the completion of .

    **3. Claims Generally.** The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.
    **4. Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2)5 as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.
**(A). Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.
**(B). Debtor's Attorney's Fees.**
    **(a)** Debtor and Debtor's attorney have agreed to a **Flat Base Fee** in the amount of **$3500.00**.
    The flat base fee includes, but is not limited to, all anticipated services identified in "Exhibit A — Base Services" which is incorporated into this Plan and the Rule 2016(b) disclosure in this case.

Prior to the filing of the case the attorney received adequate payment of $ -0-

The balance of the fees shall be disbursed by Trustee as follows: (a) upon the first disbursement of the plan following confirmation of a plan, the Trustee shall disburse up to **$3500.00** after the payment of adequate protection payments and administrative fees.

The remaining balance of the fees shall be paid up to **$365.00 per month** until the fees are paid in full.

**(b)** If  the case is dismissed or converted to Chapter 7 or 11 prior to confirmation of the plan, the Trustee shall pay fees up to **$3500.00** from available funds.

## 5. Priority Claims.

**(A). Domestic Support Obligations.**
 _x_   None. If none, skip to Plan paragraph 5(B).
**(i).** Debtor is required to pay all post-petition *domestic support obligations* directly to the holder of the claim.
**(ii).** The name and address of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).
Name                            Address

**(iii).** Anticipated Domestic Support Obligation Arrearage Claims
(a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(I) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.
*The below monthly arrearage payments shall commence after Confirmation.*
_x_   *None*; or

| (a)   Creditor Name | (b)   Estimated Arrearage | (c )  Projected Monthly |
|---|---|---|
|        and Address |          Claim Amount |          Arrears Payment |

(b). Pursuant to §§ 507(a)(1 )(B) and 1322(a)( 4), the following *domestic support obligation claims* are assigned to, owed to, or recoverable by a governmental unit.
 _x_ *None*; or
     Claimant name:
Proposed treatment:

**(B). Other Priority Claims** (e.g., *TAX claims*).
(i). These priority claims will be paid in full, but will not be funded until *after* all secured claims, lease arrearage claims, and domestic support claims are paid in full.
(a) Creditor          (b) Estimated claim
None

(ii). All other allowed priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

## 6. Secured Claims.

**(A). Claims Secured by Personal Property Which Debtor Intends to Retain**
**(i). *Pre-confirmation Adequate Protection Payments.***  No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following *adequate protection payments* to creditors pursuant to §1326(a)(I)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.
Debtor shall make the following adequate protection payments to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate Protection Payment |
|---|---|---|
| Atlanta Credit | 05 Saturn Ion | $59.00 |

**(ii).** **_Post confirmation payments_**. *Post-confirmation payments* to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs ( a), (b) and (c).

**(a).** **910 / 1yr  Claims to Which § 506 Valuation is _NOT_ Applicable.**

Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within **910 days** of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within **1 year** of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Claim Amount | (e) Interest Rate | (f) Monthly Payments | (g) **STEP** to amount on date 6/2011 |
|---|---|---|---|---|---|---|
| Atlanta Credit | 05 Saturn Ion | 4/10 | $4916.00 | 19.12% | $100.00 | $129.00 |

**(b).** **Claims to Which § 506 Valuation _IS_ Applicable.**

Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| Creditor Name | Collateral Property | Purchase Date | Replace Value | Interest Rate | Monthly Payment | Step To Monthly | Step Date |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
| Wells Fargo | 99 Toyota 4Runner | 11/07 | 5600 | 6.00% | 101 | 124 | 6/2011 |

**(c) Other Allowed Secured claims: Claims in this provision shall be paid 7.5% interest.** A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be paid as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims *(except domestic support obligation claims as set forth in paragraph 5(A), above)* and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

**(d). Claims subject to Lien Avoidance pursuant to 11 U.S.C.§522(f):** The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided

and is not otherwise treated by the plan, the secured claim shall be paid as set forth in the above paragraph.
This paragraph shall apply to the following:

<u>Creditor</u>                <u>Amount</u>
None

**(B). Claims Secured by Real Property Which Debtor Intends to Retain.  (Mortgage and realty lien claims.)**
Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily
come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan
documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this
Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in
full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is
filed and an order is entered disallowing the requested interest.
The provision also includes all fi fa liens against realty that are to be paid in the Plan by Trustee.
*The below monthly payments shall commence after Confirmation of Plan.*

| Creditor Name | Property Lien | Pre Petition Arrears/Lien | Monthly Payment | Interest Rate | Step To Monthly | Step Date |
|---|---|---|---|---|---|---|
| Wachovia | residence-1st | 16365 | 89 | 0.00% | 348 | 6/2011 |

**(C) Claims Secured by Residential Real Property Which Debtor Seeks to Have Deemed Wholly Unsecured and the
Lien Securing the Claim Will Be Voided Upon Discharge.**

Debtor has filed, or will file, a Motion to Determine Secured Status of Junior Security Interest and/or Lien and
Strip Lien Effective upon Discharge. If the Court grants this Motion the below listed mortgagee and/or holder of claim
will be deemed wholly unsecured and the lien securing the below listed mortgagee and/or holder of claim will be voided
upon discharge. Accordingly, the plan will treat the below listed mortgagee and/or holder of claim as a general unsecured
claim, governed by paragraph 7 of this plan, and Debtor will make no direct payments to the mortgagee and/or holder of
claim. This provision shall apply to the following:

**Bank of America, N.A.**
**BAC Home Loans Servicing, LP**

**(D). Surrender of Collateral.** Debtor *will surrender* the following collateral no later than thirty (30) days from the filing
of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is
surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must
be obtained by a filed motion and Court order, unless the automatic stay no longer applies under §362( c). Upon Plan
confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need
not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to
lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

<u>(a) Creditor</u>                <u>(b) Collateral to be surrendered</u>
**None**

**7. Unsecured Claims.** Debtor estimates that the total of *general unsecured debt* <u>not</u> <u>separately</u>
classified in Plan paragraph 10 is **$92118.00**. After all other classes have been paid, Trustee will pay to the creditors with
allowed general unsecured claims a pro rata share of  **$1000.00 or 0%**, whichever is greater. Trustee is authorized to
increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period of this
Plan.

**8. Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are
assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth
below in column (c). Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in
the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory
contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.
*x* None; or

| a. Creditor | b. Nature of lease or contract | c. Payment Directly by Debtor | d. Projected Monthly arrearage Plan payment | e. **STEP** to amount on |
|---|---|---|---|---|

**9. Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

**10. Other Provisions regarding Unsecured creditors:**
(A). **Special classes of unsecured claims: none**
(B). **Direct payments to creditors: none**
(C). **OTHER: none**

**11.   Other provisions:**
**a. Tax refund surrender to Trustee -** If this Plan is a composition Plan then the Debtor directs and provides that:  Any federal tax refund the Debtor is entitled to receive for tax years 2010, 2011, 2012 shall be paid into the Debtors Chapter 13 case. Further, the Debtor authorizes and instructs the Internal Revenue Service to send any refund for said years directly to the Debtor's Chapter 13 Trustee." 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).
**b. Unsecured co-signed creditor to be paid at 100%:  [x] NONE**
**c. Student loans paid through Plan by Trustee:** The below referenced student loans are to be paid through the Plan by Trustee and shall share pro rata with all other general unsecured non-priority creditors provided for in provision number 7.   **Student loan creditor:**  All student loan creditors with allowed proof of claim.
**d. Other  -**  NONE

Verification: I state under penalty of perjury that this amended Plan is true.
Date: February 24, 2011   Debtor  /s/Belinda Ann Wright
Debtor Attorney:  /s/ RICHARD A. LEE   GA Bar #443925   Lee Legal Clinic, PC  404-288-4444        *v 6.10*